UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

KAREN MESCHINO,

      Plaintiff,

vs.

SUN COMMUNITIES, INC.,

      Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, the Defendant, SUN COMMUNITIES, INC. (heretofore, "SUN COMMUNITIES"), by and through its undersigned attorneys, files and serves this Notice of Removal of this civil action from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 2021-CA-47013, to the United States District Court for the Middle District of Florida, Orlando Division. In support hereof, the Defendant states:

### PRELIMINARY FACTS

1.    This is a civil action for personal injury. (Complaint served on Registered Agent on October 8, 2021 (hereinafter "Complaint") attached hereto and

marked Exhibit "A.")[1]  The Plaintiff's claims sound in negligence and arise out of an April 2, 2020 incident in which KAREN MESCHINO was injured while on the premises of Island Lakes, a mobile home community owned and operated by SUN COMMUNITIES in Merritt Island, Brevard County, Florida.  (Exhibit A, ¶ 6)

2. The Plaintiff filed a civil action in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, said case bearing Case No. 2021-CA-47013.

3. The Plaintiff's Complaint seeks damages from SUN COMMUNITIES as the property is alleged to be "owned and operated" by SUN COMMUNITIES.  (Exhibit A, ¶ 4)

4. At all times material hereto, including the date of the April 2, 2020 incident that is the subject of this lawsuit and the time of removal, SUN COMMUNITIES was and is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Southfield, Michigan. (Affidavit of David Adler, attached hereto as Exhibit "B").

### FEDERAL COURT JURISDICTION

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332. Section 1332 provides in pertinent part:

  a. The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 dollars ($75,000.00) exclusive of interest and costs, and is between

---

[1] Pursuant to Local Rule 4.02 of the Middle District of Florida, filings from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, are being filed with this Court under separate filing.  *See* State Court Pleadings, ¶ 18, *infra*.

    (1)    Citizens of different states;

    (2)    Citizens of a state and citizens are subject of a foreign state;

    (3)    Citizens of different states and in which citizens or subjects of a foreign state are additional parties; and

    (4)    A foreign state, defined in section 1603(a) of this title, as plaintiff, and citizens of a state or of different states.

6.    In this action, the Plaintiff, KAREN MESCHINO, is a resident and citizen of the State of Florida. The Defendant, SUN COMMUNITIES, is a corporation organized under the laws of the State of Maryland, which maintains its principal place of business in the State of Michigan. Consequently, pursuant to 28 U.S.C. §1332(c)(1), SUN COMMUNITIES is deemed to be a resident and citizen of the states of Maryland and Michigan. Therefore, there is complete diversity.

7.    Not only does this case present a situation in which there is complete diversity of citizenship, this case also presents a situation in which the amount in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 dollars ($75,000.00) exclusive of interest and costs.

8.    On or about July 20, 2021, SUN COMMUNITIES received a pre-litigation settlement demand letter on behalf of the Plaintiff with a claim for medical expenses totaling **$89,945.96**. Moreover, the demand letter suggested the claim for these medical expenses would be supplemented by claims for current and future pain and suffering and lost earnings of a yet-to-be-determined value. A true and accurate copy of the Plaintiff's demand package is attached hereto as Exhibit "C."

9. This is an action for damages for personal injury. The damages recoverable in this action are those which may be awarded under negligence principles. Those damages are enumerated under Florida Statute §768.81. That statute allows the recovery of economic damages as defined thusly:

> "Economic damages" means past lost income and future lost income reduced to present value; medical and funeral expenses; lost support and services; replacement value of lost personal property; loss of appraised fair market value of real property; costs of construction repairs, including labor, overhead, and profit; and any other economic loss that would not have occurred but for the injury giving rise to the cause of action.

Florida Statute §768.81(b).

10. In her July 20, 2021 demand package, Plaintiff indicated she is seeking damages in excess of $75,000, exclusive of costs, interest, and attorney's fees, specifically damages with a settlement value of $250,000. (Exhibit C, Demand)

11. It is well-settled that reliance upon the content of a demand package is appropriate and sufficient to establish the amount in controversy. Robert Roman v. Wal-Mart Stores East, LP, Case No. 6:20-cv-2197-Orl-28GJK (M.D. Fla. 2021) (J. ANTOON II); Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d 1251 (S.D. Fla. 2015); La Rocca v. Stahlheber, 676 F. Supp. 2d 1347 (S.D. Fla. 2009); Kilmer v. Stryker Corp., Case No. 5:14-cv-456-Oc-34PRL (M.D. Fla. 2014). Courts have held that a presuit demand letter, which specified past medical expenses, combined with claims for permanent injury, pain and suffering, and past

and future economic loss, were sufficient evidence that the amount in controversy requirement was met.

12. In this case, Plaintiff's Complaint did not state that the action was seeking damages in excess of $75,000, exclusive of costs, interest and attorney's fees. Instead, the action merely indicated that it was seeking damages in excess of $30,000, exclusive of costs and interests to satisfy the jurisdictional requirements of Florida's Circuit Court system. However, Plaintiff's demand package is exceptionally detailed, outlining with specificity $89,945.96 in established special damages; past lost income resulting from her injuries; future damages based on her projected life expectancy of 22.90 years; as well as past and future non-economic damages that could be awarded by a Florida jury.

13. Under the "second paragraph" of 28 U.S.C. § 1446(b), "the court considers the document received by the defendant from the plaintiff […] and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007). In this case, the preponderance of the evidence contained in Plaintiff's demand package and this Notice of Removal unambiguously establish the propriety of federal jurisdiction over this matter.

## REMOVAL

14. This is an action which may properly be removed to this court pursuant to 28 U.S.C. §§1441. 28 U.S.C. §1441(a) states:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the District Courts of United

States have original jurisdiction, may be removed by the defendant or defendants to the District Court of the United States for the district and division embracing the place where such action is pending.

15. Given that this action is one over which the United States District Court for the Middle District of Florida would have original jurisdiction pursuant to 28 U.S.C. §1332, this case may be removed from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1441. Such removal would be done pursuant to the terms of 28 U.S.C. §1446(a) which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the District Court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

16. In the instant case, SUN COMMUNITIES has filed a Notice of Removal that complies with 28 U.S.C. §1446(a) in that it sets forth the facts that show that this Court has jurisdiction and that this case is subject to removal. Additionally, the Defendant, SUN COMMUNITIES, has attached copies of all process, pleadings and orders served on SUN COMMUNITIES to the Notice of Removal.

### TIMELINESS OF REMOVAL

17. 28 U.S.C. §1446 imposes certain time constraints on the removal of actions to the United States District Court. Specifically, 28 U.S.C. §1446(b)(2)

requires that a Notice of Removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which the action or proceeding is based.

18. Alternatively, a case may be removed to federal court under § 1446(b)(3) if the notice of removal is filed "within 30 days after receipt […] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

19. Plaintiff filed her Complaint on September 30, 2021. The Complaint was served on SUN COMMUNITIES on October 8, 2021. Therefore, this Notice of Removal is being filed within 30 days of SUN COMMUNITIES discovering this case was removable to federal court. Consequently, Defendant's Notice of Removal is timely.

## STATE COURT PLEADINGS

20. Defendant is responsible for filing true and legible copies of all process, pleadings, orders and other papers or exhibits of every kind, including depositions, which have been filed in the state court action. *See* note 1, *supra*.

## CONCLUSION

The instant case is a civil action in which Plaintiff is a resident and citizen of the State of Florida and in which the amount in controversy is in excess of Seventy-Five Thousand and no/100 dollars ($75,000.00) exclusive of interest and costs. The Defendant, SUN COMMUNITIES, is a corporation organized and existing under

the laws of the State of Maryland with its principal place of business in the State of Michigan. As such, SUN COMMUNITIES is a resident and citizen of the states of Maryland and Michigan and has been so on a continuous and uninterrupted basis from July 23, 1993 to the present. SUN COMMUNITIES has therefore been a resident and citizen of the states of Maryland and Michigan at all times material hereto, including the date of the incident that is the subject of this lawsuit and the date of the filing of the Notice of Removal. Plaintiff's pre-litigation settlement demand letter unambiguously establishes the amount in controversy exceeds $75,000. Plaintiff's Complaint establishes there is complete diversity between the parties; it was filed and served less than 30 days prior to the filing of this Notice of Removal. Therefore, it is abundantly clear that the Defendant, SUN COMMUNITIES, is absolutely entitled to remove this action from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

**WHEREFORE**, the Defendant, SUN COMMUNITIES, respectfully requests that this cause be removed to the United States District Court for the Middle District of Florida, Orlando Division.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of October, 2021, I filed the foregoing with the Clerk of the United States District Court, through the CM/ECF system that will send a notice of electronic filing to: Jeffrey F. Gordon, Esquire, Lesser, Lesser, Landy & Smith, PLLC, 4800 North Federal Highway, Suite 205B,

Boca Raton, FL 33431 - [jgordon@lesserlawfirm.com](mailto:jgordon@lesserlawfirm.com) and cflorez@lesserlawfirm.com.

                  s/s Alexander Muszynski, III
ALEXANDER MUSZYNSKI, III, ESQ.
Florida Bar No. 438502
[am3@fltrialteam.com](mailto:am3@fltrialteam.com)
CAMERON E. SHACKELFORD, ESQ.
Florida Bar No. 0640441
ces@fltrialteam.com
Meier, Bonner, Muszynski, O'Dell
  & Harvey, P.A.
260 Wekiva Springs Road
Suite 2000
Longwood, Florida 32779
Telephone:  (407) 872-7774
Facsimile:   (407) 872-7997
Attorneys for Defendant